UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ACTIVEVIAM LTD.,

                        Plaintiff,

                                                    25-cv-3984 (PKC)

            -against-                               ORDER

NUMERIX LLC,

                        Defendant.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

        The limited subject matter jurisdiction of a district court is best addressed at the

outset of a case.  It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.

        Plaintiff ActiveViam Ltd. brings this action invoking subject matter jurisdiction

by reason of diversity of citizenship.  Section 1332(a)(1) provides that "[t]he district courts shall

have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28

U.S.C. § 1332(a)(1).  Diversity jurisdiction requires that "all of the adverse parties in a suit be

completely diverse with regard to citizenship."  Handelsman v. Bedford Village Associates Ltd.

Partnership, 213 F.3d 48, 51 (2d Cir. 2000).

        "In order to be a citizen of a State within the meaning of the diversity statute, a

natural person must be both a citizen of the United States and be domiciled within the State."

Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) (citations omitted).

"Domicile is 'the place where a person has his true fixed home and principal establishment, and

to which, whenever he is absent, he has the intention of returning." Palazzo ex rel. Delmage v.

Corio, 232 F.3d 38, 42 (2d Cir. 2000) (quoting Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir.

1998).  Further, "residence alone is insufficient to establish domicile for jurisdiction purposes."

Van Buskirk v. United Group of Companies, Inc., 935 F.3d 49, 54 (2d Cir. 2019).  Diversity is

lacking within the meaning of section 1332, "where the only parties are foreign entities, or where

on one side there are citizens and aliens and on the opposite side there are only aliens."

Universal Licensing Corp. v. Paolo del Lungo, S.p.A., 293 F.3d 579, 581 (2d Cir. 2002).

       Plaintiff is a foreign corporation registered in England and Wales with its

principal place of business in London, England.  (Compl't, ECF 1 ¶ 1.)  The Complaint fails to

adequately allege the citizenship of defendant Numerix, a limited liability company.  A limited

liability company takes the citizenship of each of its members.  Bayerische Landesbank, New

York Branch v. Aladdin Capital Management LLC, 692 F.3d 42, 49 (2d Cir. 2012).  Here, the

Complaint states that the domicile of defendant's members is "not available" and "[u]pon

information and belief, Numerix LLC has no members with residence in England or Wales."

(ECF 1 ¶ 2.)  However, if the defendant has a member that is an alien or foreign citizen of any

country, not just England or Wales, then "the fact that alien parties were present on both sides

would destroy complete diversity."  Corporacion Venezolana de Fomento v. Vintero Sales Corp.,

629 F.2d 786, 790 (2d Cir. 1980).

       Within fourteen (14) days of this Order, defendant Numerix LLC shall submit a

declaration as to the country of citizenship, residence, and domicile of each of its members.

Plaintiff shall amend their Complaint with the citizenship of all parties within thirty (30) days or

the action will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 14, 2025